<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| KHALID AMIR,<br><br>             *Plaintiff,*<br><br>v.<br><br>PRESSLER, FELT, & WARSHAW, LLP, and<br>JOHN DOES 1 TO 10,<br><br>             *Defendants.* | Civil Action No. 25-12399<br><br><br>**OPINION**<br><br><br>June 4, 2026 |

**SEMPER**, District Judge.

 **THIS MATTER** comes before the court on the Motion to Dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) filed by Pressler, Felt & Warshaw, LLP ("Defendant") on September 9, 2025.  (ECF 4, "Motion" or "Mot.")  Khalid Amir ("Amir" or "Plaintiff") opposed the motion on November 4, 2025.  (ECF 15, "Opposition" or "Opp.")  Defendant filed a brief in reply on November 24, 2025.  (ECF 18, "Reply.")  The Court has reviewed all the submissions in support and in opposition of the motion, without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.  For the reasons stated below, Defendant's Motion is **GRANTED**.

1

I.    **FACTUAL AND PROCEDURAL BACKGROUND**[1]

Plaintiff is a natural person residing in New Jersey.  (Compl. ¶ 5.)  Defendant Pressler, Felt, & Warshaw, LLP ("Pressler") is law firm based in Parsippany, New Jersey that filed suit on behalf of LVNV Funding, LLC ("LVNV") to collect a debt from Plaintiff.  (*Id*. ¶¶ 7, 22.)

A.  **The Debt**

The circumstances surrounding this action began with a debt that was allegedly extended to Plaintiff by WebBank, an issuer of Avant branded credit products.  (*Id.* ¶ 17; ECF 4-4, "Exhibit C" or "Ex. C.")  Plaintiff contends that the debt was purchased and assigned to Avant LLC ("Avant") "[s]ometime prior to the date this action was filed" by WebBank.  (*Id*.)  Plaintiff argues the debt became void upon assignment to Avant, because "Avant [was] not properly licensed as a consumer lender or sales finance company" at the time of the assignment.  (*Id*. ¶¶ 18, 20.)  After the alleged assignment to Avant, at a point unspecified in the Complaint, LVNV "directly or through intermediate transactions" received the debt from Avant via transfer, assignment, or a like transaction.  (*Id*. ¶ 19.)  It is undisputed that the debt was past-due and in default at time LVNV received it.  (*Id*. ¶ 21.)

Plaintiff argues LVNV has no right to collect the debt, as it became void "when it was assigned, placed or transferred to entities that were not properly licensed under the New Jersey Consumer Finance Licensing Act."  (*Id*. ¶ 25.)  In Plaintiff's view, Avant's unlicensed status

---

[1] The facts and procedural history are derived from the Complaint (ECF 1, "Complaint" or "Compl.")  When considering a motion to dismiss under Rule 12(b)(6), the Court is obligated to accept as true allegations in the complaint and all reasonable inferences that can be drawn therefrom.  *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).  The Court also considers any "document integral to or explicitly relied upon in the complaint."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).  The Court also considers matters of public record and undisputedly authentic documents attached to Defendant's motion to dismiss if Plaintiff's claims are based on the document.  *See Levins v. Healthcare Revenue Recovery Group LLC*, 902 F.3d 274, 279 (3d Cir. 2018).

rendered LVNV's efforts to collect on the debt as a subsequent assignee a violation of the Fair Debt Collections Practices Act ("FDCPA"), New Jersey Consumer Finance Licensing Act ("NJCFLA"), and fraudulent under common law doctrines.  (*Id*. ¶¶ 31, 33, 48, 56.)

### B.  The State Court Action

On July 1, 2024, Defendant filed a lawsuit in the Superior Court of New Jersey ("Collection Court") against Plaintiff in Middlesex, New Jersey, Case No. MID-DC-12032-24 ("Collection Lawsuit") on behalf of LVNV to collect the debt.  (*Id*. ¶ 24; ECF 4-2, "Exhibit A" or "Ex. A.") The Collection Lawsuit Complaint alleged Amir owed $3,106.42 plus costs to LVNV as successor in interest to WebBank, the original creditor.  (Ex. A at 3.)  Records from the Collection Lawsuit, including the Collection Court's docket, show that Amir never filed an Answer to the Collection Lawsuit Complaint.  (ECF 4-3; "Exhibit B" or "Ex. B.")  LVNV moved for an entry of default judgment against Amir on September 3, 2024, which the court obliged that same day.  (*Id*.; ECF 4-5, "Exhibit D" or "Ex. D.")  The Collection Court granted LVNV's Request for Execution against Goods and Chattels on October 23, 2024.  (Ex. B; ECF 4-7, "Exhibit F" or "Ex. F.")

Amir filed a Motion to Vacate the Default Judgment on December 13, 2024, which LVNV opposed.  (ECF 4-8, "Exhibit G" or "Ex. G"; Ex. B.)  Before the Collection Court decided the Motion to Vacate, Amir filed a bankruptcy petition under Chapter 13 in the United States Bankruptcy Court for the District of New Jersey on December 23, 2024.  (ECF 4-9, "Exhibit H" or "Ex. H.")  Subsequently, the Collection Court *sua sponte* withdrew Amir's Motion to Vacate the default judgment order and dismissed the case pursuant to 11 U.S.C. § 362.[2]  (ECF 4-10,

---

[2] 11 U.S.C. § 362 triggers an automatic stay of all collection efforts, harassment, and foreclosure actions against a debtor once a bankruptcy petition is filed.  *See Constitution Bank v. Tubbs*, 68 F.3d 685, 691 (3d. Cir. 1995).  The stay also benefits creditors by preventing other creditors from "acting unilaterally in self-interest to obtain payment from a debtor."  *Id*.  Judicial actions taken

"Exhibit I" or "Ex. I.")  On January 17, 2025, the Collection Court ordered LVNV to file a motion seeking to reinstate the complaint to recover the judgment if Amir's bankruptcy action resolved in a manner allowing creditors to collect the debt.  (*Id.*)  Plaintiff filed his Complaint against Pressler in this Court on June 30, 2025.  (*See* Compl.)  The bankruptcy action remains pending.  (Mot. at 5.)

## II.    LEGAL STANDARD

### A.  Rule 12(b)(1)

"When a motion under Rule 12 is based on more than one ground, the court should consider the 12(b)(1) challenge first because if it must dismiss the complaint for lack of subject matter jurisdiction, all other defenses and objections become moot." *Dickerson v. Bank of Am., N.A.*, No. 12-03922, 2013 WL 1163483, at *1 (D.N.J. Mar. 19, 2013) (citing *In re Corestates Trust Fee Litig.*, 837 F. Supp. 104, 105 (E.D. Pa. 1993)).  In considering dismissal for lack of subject matter jurisdiction, a district court's focus is not on whether the factual allegations entitle a plaintiff to relief, but rather on whether the court has jurisdiction to hear the claim and grant relief.  *Maertin v. Armstrong World Indus., Inc.*, 241 F. Supp. 2d 434, 445 (D.N.J. 2002).

Rule 12(b)(1) motions may challenge subject matter jurisdiction based on the face of the complaint or its underlying facts.  *Common Cause of Pa. v. Pennsylvania*, 558 F.3d 249, 257 (3d Cir. 2009); *Pittman v. Metuchen Police Dept.*, No. 08–2373, 2009 WL 3207854, at *1 (D.N.J. Sept. 29, 2009) (citing James Wm. Moore, 2 Moore's Federal Practice § 12.30[4] (3d ed. 2007)).  A facial attack questions the sufficiency of the pleading and requires the trial court to accept the allegations in the complaint as true.  *Common Cause of Pa.*, 558 F.3d at 257.  A factual attack, by

---

while a stay is in effect "are void *ab initio*, unless the bankruptcy court later grants retroactive relief."  *Id*. at 692.

contrast, allows the court to make factual findings beyond the pleadings. *CAN v. U.S.*, 535 F.3d 132, 145 (3d Cir. 2008). Here, Defendants present a facial attack because they argue that even if all the facts pled in the Complaint are true, the Court lacks jurisdiction to hear Plaintiff's claims. *See De La Fuente v. Coretés*, 261 F. Supp. 3d 543, 547-48 (M.D. Pa. Aug. 21, 2017). Because facial attacks are limited to review of the pleadings, courts evaluate facial attacks essentially under the same standard as a Rule 12(b)(6) motion to dismiss. *See Saint-Jean v. Cty. Of Bergen*, 509 F. Supp. 3d 87, 97 (D.N.J. 2020) (holding "a facial motion is handled much like a 12(b)(6) motion, and allegations in the complaint are accepted as true.")

### B. Rule 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For a complaint to survive dismissal under the rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

### III.   ANALYSIS

#### A. Rule 12(b)(1) Arguments

Defendant asserts several grounds as to why Plaintiff lacks subject-matter jurisdiction in this Court to assert this action. In its Motion, Defendant invokes *res judicata*, the entire controversy doctrine, collateral estoppel, and the *Rooker-Feldman* doctrine. (*See generally* Mot.) Defendant also argues the NJCFLA lacks a private cause of action giving Plaintiff standing to sue. (Mot. at 16.)

### A. Both *Res Judicata* and the *Entire Controversy Doctrine* Apply

The doctrine of *res judicata* (also known as claim preclusion) "is a court-created rule that is designed to draw a line between the meritorious claim on the one hand and the vexatious, repetitious and needless claim on the other hand." *Purter v. Heckler*, 771 F.2d 682, 689-90 (3d Cir. 1985). "When one has been given the opportunity to fully present his case in a court and the contested issue is decided against him, 'he may not later renew the litigation in another court.'" *Id.* at 690 (quoting *Heiser v. Woodruff*, 327 U.S. 726, 733, (1946)). *Res judicata* prevents litigants who lost in one action from attempting to assert the same claim in separate action, thereby preventing a "second bite at the apple." *See De La Fuente*, 261 F. Supp. 3d at 551. Furthermore, *res judicata* bars not only claims asserted in the previous action, but those claims which could have been raised in the previous action. *See Davis v. Wells Fargo*, 824 F.3d 333, 342 (3d Cir. 2016).

*Res judicata* applies when three elements are met: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991). Courts assessing these elements should focus on "whether the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same." *Id.* at 963 (citing *United States v. Athlone*, 746 F.2d 977, 984 (3d Cir. 1984). Federal courts must give the preclusive effect to state court

judgments that would be given by courts of the state in which the judgment was entered. *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 548 (3d Cir. 2006).

New Jersey's equivalent to *res judicata* is the entire controversy doctrine.[3] "The objectives behind the doctrine are threefold: (1) to encourage the comprehensive and conclusive determination of a legal controversy; (2) to achieve party fairness, including both parties before the court as well as prospective parties; and (3) to promote judicial economy and efficiency by avoiding fragmented, multiple and duplicative litigation." *Venuto v. Witco Corp*, 117 F.3d 754, 761 (3d Cir. 1997). Although the entire controversy doctrine is "wider in scope" than *res judicata*, it has the same three elements.[4]

At issue is whether the entry of default judgment in the Collection Lawsuit bars Plaintiff from challenging LVNV's authority to collect the debt, and consequently Plaintiff's standing to file the present lawsuit under the *res judicata* doctrine. After review of the Complaint and the Collection Court documents filed with Defendant's Motion to Dismiss, the Court holds Plaintiff's claims are barred by *res judicata*, or alternatively, the entire controversy doctrine.

First, the default judgment against Plaintiff was a valid final decision on the merits. *See In re Miloszar*, 238 B.R. 266, 269 (D.N.J. 1999) (holding "[i]n New Jersey, default judgment is a final judgment that bars further litigation of the issue" and "unless the default judgment is vacated,

---

[3] Defendant argues that the Collection Court's entry of default judgment against Plaintiff is entitled to preclusive effect under *res judicata* and the entire controversy doctrine. (Mot. at 11-12.) New Jersey law determines whether the default judgment precludes Plaintiff's claims because the Full Faith and Credit Act "requires [a] federal court to give the same preclusive effect to a state-court judgment as another court of that State would give." *Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 293 (2005).

[4] "(1) the judgment in the prior action must be valid, final, and on the merits; (2) the parties in the later action must be identical or in privity with those in the prior action; and (3) the claim in the later action must grow out of the same transaction or occurrence as the claim in the earlier one." *Rodrigues v. Unifund CCR, LLC*, 690 F. App'x. 799, 801-02 (3d Cir. 2017) (articulating the three elements of the entire controversy doctrine).

it is final and valid in the eyes of the federal courts.") *Res judicata* applies to a default judgment when the party whom default was entered against received sufficient notice and an opportunity to be heard. When those factors are present, a judgment is given preclusive effect. *See In re Lewison Bros.*, 162 B.R. 974, 988 (Bankr. D.N.J. 1993) ("In determining the res judicata effect of a judgment, '[t]he key factors are that there be notice and an opportunity to be heard. If these elements are present, the *res judicata* effect of a default judgment cannot be attacked.") (quoting *In re Bystrek*, 17 B.R. 894, 896 (Bankr. E.D.Pa. 1982). Plaintiff had notice and a full opportunity to be heard in the Collection Lawsuit because he was properly served in July 2024, and failed to file an Answer. (*See* Ex. B.) Default judgment was not entered until September 2024. (*Id.*)

Plaintiff argues that the default judgment is not a final decision on the merits because the case was dismissed after Plaintiff filed for bankruptcy. (Opp. at 7.) Plaintiff argues that because the Collection Court dismissed the action without prejudice, the entry of default cannot be considered final. (*Id.*) Defendant argues that the Collection Court affirmed it has a valid judgment since the January 17, 2025 Collection Court order grants LVNV the right to re-initiate the Collection Lawsuit "to recover the judgment it seeks in this action" if resolution of the bankruptcy suit allows collection efforts to proceed. (*See* Ex. I at 3.)

The Court agrees with Defendant on this issue. Automatic stays pursuant to 11 U.S.C. § 362 are intended to preserve the status quo of collection suits, rather than vacate judicial actions. *See In re Denby-Peterson*, 941 F.3d 115, 126 (3d Cir. 2019) ("It is well-established that one of the automatic stay's primary purposes is to maintain the status quo between the debtor and his creditors."); *Zeoli v. RIHY Mortg. Corp.*, 148 B.R. 698, 700 (D.N.H. Jan. 5, 1993) ("Maintaining the status quo is a repeating theme in decisions construing the automatic stay provisions.") Therefore, the Collection Court's dismissal of the Collection Lawsuit pursuant to § 362 did not

8

vacate or invalidate the default judgment—it instead prevented LVNV from acting upon it to initiate collection efforts to preserve the status quo.  Since there was no order by the Collection Court vacating the default judgment, it is a valid and final judgment under New Jersey law for the purposes of *res judicata*.  *See In re Miloszar*, 238 B.R. at 269.

The second element of *res judicata* is also satisfied.  A party is in privity with another when there is a sufficiently close connection between the party to be bound by a judgment and the party the judgment was entered against.  *See Family Civil Liberties Union v. State*, 386 F. Supp. 3d 411, 440 (D.N.J. 2019).  (holding privity "is merely a word used to say that the relationship between one who is a party on the record and another is close enough to include that other within the res judicata.") (citing *Mayercheck v. Mayercheck/Tucciarone*, No. 14-611, 2015 WL 10000159, at *8 (W.D. Pa. Mar. 5, 2015); *see also, Nationwide Mut. Fire Ins. Co. v. George V. Hamilton, Inc.*, 571 F.3d 299, 312 (3d Cir. 2009) ("Privity requires a prior legal or *representative* relationship between a party to the prior action and the nonparty against whom estoppel is asserted.") (emphasis added).  Plaintiff Amir was the Defendant in the Collection Lawsuit.  (*See* Ex. A.)  Defendant Pressler represented Plaintiff LVNV in the Collection Lawsuit.  (*Id*.)  Therefore, both parties in this action had an interest in the subject matter of both suits—the outstanding debt owed by Plaintiff—and had the opportunity to assert their interests in the action.  *Family Civil Liberties Union*, 386 F. Supp. 3d at 440 (holding privity requires a mutuality of interest in the same subject matter).  Thus, the Court holds the second element of *res judicata* is satisfied and proceeds to the third element.

Third, both the Collection Lawsuit and the present action arise from the same cause of action.  The Third Circuit takes a broad view of what constitutes the same cause of action for the purposes of *res judicata*.  *See Sherifan v. NGK Metals Corp*, 609 F.3d 239, 261 (3d. Cir. 2010).  Whether the third element is met depends on the "essential similarity of the underlying events

9

giving rise to the various legal claims." *Id*.  When determining the essential similarity of actions, courts consider "(1) whether the acts complained of and the demand for relief are the same ...; (2) whether the theory of recovery is the same; (3) whether the witnesses and documents necessary at trial are the same ...; and (4) whether the *material* facts alleged are the same." *Id*. (citing *Athlone Indus., Inc*., 746 F.2d at 984).  Courts "do not adhere to any mechanical application of a single test but instead focus on the central purpose of the doctrine of *res judicata*." *Athlone Indus., Inc.*, 746 F.2d at 984.  Here, the purpose of *res judicata*, and by extension, the entire controversy doctrine, requires the Court to hold the present action is based on the same cause of action as the Collection Lawsuit.  Plaintiff's challenges to the assignment of the debt to Avant are defenses to the claims he failed to contest in the Collection Lawsuit.  (*See generally* Opp.)  As stated, *res judicata* applies to claims which could have been asserted in the prior suit.  *Davis*, 824 F.3d at 342.  Therefore, the Court holds that the doctrine of *res judicata* blocks its jurisdiction over this suit.[5]

## IV.    CONCLUSION

Because the Court does not possess jurisdiction over this action, it need not decide Plaintiff's collateral estopell, *Rooker-Feldman*, or private cause of action arguments, or the merits of Plaintiff's claims.  Once Plaintiff concludes his bankruptcy petition, and if LVNV moves to relitigate the Collection Lawsuit, Plaintiff will have an available forum to assert his defense that the debt is void post-assignment to Avant.  For the reasons stated above, Defendant's Motion to Dismiss is **GRANTED** and Plaintiff's Complaint is **DISMISSED** without prejudice.

---

[5] The Court agrees with Defendants that "New Jersey federal courts have recognized that the entire controversy doctrine is wider in scope than federal res judicata." (*See* Mot. at 9 (citing *Rodrigues v. Unifund CCR, LLC*, 690 F. App'x 799, 801-02 (3d Cir. 2017) ("While the Entire Controversy Doctrine is wider in scope than federal res judicata, both share a[n identical] trio of requirements.")).)  Thus, since *res judicata* blocks jurisdiction over this action, so does the entire controversy doctrine.

/s/ *Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:     José R. Almonte, U.S.M.J.
        Parties